

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 26, 1950

Hon. R C Ianning, Chairman
State Board of Control
Austin, Texas

Attention: G. J. Palmer, Secretary

Dear Sir:

Opinion No. V-1062

Re: Pay of State em-
ployee who does
reserve military
service on his
vacation time.

You have inquired whether the provisions of Art. 5769b, V.C.S., prohibit a State employee who spends his vacation time in active duty training with the National Guard or a Reserve Unit from receiving his State salary if he also receives military pay for the same period.

Enclosed is Attorney General's Opinion 0-2426 which answers the question of payment of vacation salary and military pay in the following language:

"You are accordingly advised that employees of the Board of Insurance Commissioners who are Reserve Officers in the United States Army may continue receiving their salary from the State of Texas while on active duty during their vacation."

We do not find that any change has been made in the provisions of the Texas Constitution cited in support of Opinion 0-2426. This opinion is not affected by Art. 5769b even though this statute was enacted subsequent to the writing of the opinion.

Sec. 3 of Article in question states:

"All officers and employees of the State of Texas who shall be members of the National Guard or official militia of Texas, or members of any of the Reserve Components of the Armed Forces, shall be entitled to leave of absence from their respective duties without loss of time or efficiency rating on all days on which they shall be ordered by proper authority to duty with troops or field exercises, or for instruction for not to exceed fifteen (15) days in any one calendar year;

Hon. R. C. Lanning, page 2 (V-1062)

provided, however, that the State Comp-
troller shall pay to the officer or employee
the difference between his pay and allow-
ances when on active duty, as certified by
said officer or employee, and his salary
from the State of Texas when the latter is
the greater, and when authorized to do so
by the head of the Department or the direct-
ing board of an institution or agency where
such officer or employee is employed."
(Underscoring added.)

A "leave of absence" is generally regarded as
something different than a statutory "vacation". Dur-
ing a "vacation" the employment continues. Gutzwiller
v. American Tobacco Co., 122 A. 586 (Vt. Sup. 1923);
Mattey v. Unemployment Commission, 63 A. 2d 429 (Pa.
Super., 1949). A "leave of absence" on the other hand,
implies an excused absence from employment, a temporary
absence from duty with an intention of returning to em-
ployment. State v. Grayston, 163 S.W.2d 335 (Mo.Sup.1942);
Thompson v. Young, 63 F. Supp. 887 (D.C.,D.C.,1945). The
statute in question is one dealing with "leave of absence"
and is in addition to that portion of the statutes deal-
ing with "vacation". The pay provisions of the "leave"
statute are therefore not applicable to the annual vaca-
tion period. In this regard it may be mentioned that the
courts of Texas have liberally construed the Constitution
and statutes of this State in favor of patriotic service
in the Reserve Corps of their country and are loath to
penalize a State employee for accepting military duty.
Carpenter v. Sheppard, 135 Tex. 413, 145 S.W.2d 562 (1940);
Spears v. Sheppard, 136 Tex. 277, 150 S.W.2d 769 (1941);
Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147 (1942); Ex
parte Templeton, 143 Tex. 381, 186 S.W.2d 68 (1945). We
think the statute in question was enacted with the same
spirit and intent as set forth in these cases.

Art. 5890a, V.C.S., expressly provides that State
employees shall be entitled to a 12 day leave of absence
without loss of pay for reserve military duty, such leave
to be in lieu of a regular vacation. Whether Article 5769b
repealed any portion or all of Article 5890a, a question
which it is not necessary to here decide, we think that
Article, when taken together with Article 5890a, clearly
evidences a legislative intent to authorize the payment in
question.

## SUMMARY

A State employee is entitled to his pay during his vacation notwithstanding the fact that he performs reserve military duty during that period for which he receives compensation. The opinion does not deal with military leave taken at a period other than the employee's regular vacation time. Articles 5769b, 5890a.

Yours very truly,

Ned McDaniel
State Affairs Division

PRICE DANIEL
Attorney General

Joe R. Greenhill
First Assistant

By Joe S. Moore
Assistant

Price Daniel
Attorney General

JSM/rt
Encl.1